UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RACLIK GUTIERREZ FRANCISCO, )<br><br>Petitioner, )<br><br>v. )<br><br>WARDEN, STEWART DETENTION CENTER, )<br><br>Respondent. ) | Civil Action No. 26-12100-MJJ |

## **ORDER**

**JOUN, D.J.**

Raclik Gutierrez Francisco ("Mr. Francisco"), who is representing himself, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Mr. Francisco is an immigration detainee being held at the Stewart Detention Center in Lumpkin, Georgia. He asserts that he is entitled to a bond hearing.

The Court lacks habeas jurisdiction over this action. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Accordingly, in the usual case, "in challenges to present physical confinement . . . the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Id.* at 439. In such cases, "[b]y definition, the immediate custodian and the prisoner reside in the same [judicial] district," making "the district of confinement . . . *synonymous* with the district court that has territorial jurisdiction over the proper respondent." *Id.* at 444. Thus, "the general rule [is] that for core habeas petitions

challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443.

Here, Mr. Francisco challenges his present physical confinement at the Stewart Detention Center, which is located within the Northern District of Georgia, and he identifies its warden as the respondent. Because Mr. Francisco is not physically within the District of Massachusetts (nor was he at the time he filed this petition), and there is no basis for departure from the immediate custodian rule, *cf. Ozturk v. Trump*, C.A. No. 25-cv-10695-DJC, 2025 WL 1009445, at *5-*8 (D. Mass. Apr. 4, 2025) (discussing exceptions to the immediate custodian rule), the Court is without jurisdiction over the petition.

Therefore, the Court orders that this action be TRANSFERRED to the United States District Court for the Northern District of Georgia. *See* 28 U.S.C. § 1631 (providing that where the "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed").

**SO ORDERED.**

/s/ Myong J. Joun

Myong J. Joun
United States District Judge

Dated:

2